UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRIAN DAVIS** | **CIVIL ACTION NO. 5:13-cv-3281** |
| **VS.** | **SECTION P** |
| | **JUDGE TOM STAGG** |
| **UNITED STATES OF AMERICA, and** | |
| **STEVE PRATOR** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Brian Davis, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 17, 2013. Petitioner is incarcerated at the Caddo Correctional Center where he awaits sentencing on his November 4, 2013, convictions for drug charges in a federal criminal prosecution assigned criminal docket number 5:13-cr-00038 of this Court.  Petitioner asks the Court "... to acknowledge the facts of [his] case, assess the deprivations of [his] rights according to the applicable laws in support and dismiss all charges, thus, causing [his] immediate release."  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

On January 24, 2013, a Grand Jury in this District indicted petitioner charging him with conspiracy to distribute cocaine and possession with intent to distribute cocaine and cocaine base. *United States of America v. Brian Davis*, No. 5:13-cr-00038 at Doc. 1. On February 1, 2013 petitioner made an initial appearance before the Magistrate Judge; counsel was appointed and

petitioner was remanded to the custody of the United States Marshal pending a detention hearing. [*Id.*, Doc. 20] The detention hearing was convened and at its conclusion the Magistrate Judge determined that probable cause existed to believe that the petitioner committed the offenses charged and that due to his criminal history and significant drug activities he posed a high risk of danger to the community thus necessitating continued custody pending trial. [*Id.*, Doc. 45] On October 2, 2013, petitioner, through counsel filed a "Motion to Exclude and/or Suppress the Testimony of the Confidential Informer" claiming that the confidential informant in question was on active parole with the State of Louisiana during the time that he allegedly purchased drugs from the petitioner and that this activity violated Louisiana law which prohibits parolees from engaging in criminal conduct or associating with known criminals. [*Id.*, Doc. 102] On October 4, 2013, a hearing was convened and United States District Judge Donald E. Walter denied the motion. [*Id.*, Doc. 104] Thereafter, on October 24, 2013, petitioner filed a *pro se* motion to suppress the testimony of the informant; this motion was virtually identical to the motion filed by his attorney and ultimately dismissed by Judge Walter. [*Id.*, Doc. 114] On November 4, 2013, the date that trial was scheduled to commence, petitioner entered a conditional plea of guilty to the charges. His *pro se* motions were denied; however, petitioner was allowed to preserve his right to appeal the denial of his motions to suppress. [*Id.*, Doc. 124] On November 21, 2013, petitioner filed a *pro se* motion to withdraw his guilty plea [Id., Doc. 136] and on January 30, 2014, the motion was denied. [*Id.*, Doc. 143] Petitioner's sentencing has been set for February 27, 2014. [*Id*. Doc. 148]

      Meanwhile, as noted above, petitioner filed the instant petition on December 17, 2013. Petitioner claims that he entitled to relief on the following four grounds: (1) "the order for the

2

custody is deficient in the illegal search and seizure requisite (sic) of the 4th Amendment ... by way of tainted [confidential informant] unlawfully obtaining evidence..."; (2) "the order for the custody, appear[s] leagl in form, but imposes an illegal custody due to entrapment and because evidence was illegally obtained..." [*Id.*]; (3) "*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ... Federal narcotic agents arresting me ... acted unlawfully under color of federal authority in violation of my 4th Amendment right...pursuant to a 'tainted [confidential informant]...'"; and, (4) "*Wong Sun v. United States*, 371 U.S. 471 ... under the exclusionary rule and the fruits of the poisonous tree doctrine, the alleged cocaine evidence ... must be excluded ... because of 'tainted [confidential informant]' and illegally conducted undercover operation..." [Doc. 1, ¶13]

### *Law and Analysis*

Petitioner contends that he is a pretrial detainee awaiting trial on criminal charges [Doc. 1, ¶4]; however, that is clearly not the case. Petitioner is in fact a convicted defendant awaiting sentencing; indeed, by the time this Report is presented to the judge, petitioner will probably have been sentenced. Petitioner seeks to collaterally attack his conviction on the grounds that the District Court erred when it denied his motions to suppress.[1]

Challenges to the validity of a federal conviction should not be brought pursuant to Section 2241, but rather as a Motion to Vacate under 28 U.S.C. §2255, and then only after all

---

[1] As noted, petitioner has raised this same claim in his counseled motion to suppress [5:13-cr-00038 at Doc. 102], his *pro se* motion to suppress [*Id.*, Doc. 114], and his *pro se* motion to withdraw guilty plea [*Id.*, Doc. 136], and, in each instance the claim was rejected by Judge Walter [*Id.*, Docs. 104, 124, and 143]

direct appeals have concluded.[2] *See also Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) ("Section 2255 provides the primary means of 'collaterally attacking a federal sentence,' *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000), and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.' *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990) (internal quotations marks and citation omitted). Section 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.' *Tolliver*, 211 F.3d at 877.")

Petitioner seeks through this petition to collaterally attack his conviction; he complains of error alleged to have occurred prior to sentencing. Petitioner has been allowed to reserve his right to appeal the denial of his motion to suppress, and he may do so by filing an appeal to the United States Fifth Circuit Court of Appeals within the delays established by law following the imposition of sentence. Thereafter, he may, within the time limits established by statute, and under certain circumstances, seek collateral review of his conviction and sentence as provided in Section 2255. This Court lacks jurisdiction to consider the merits of his *habeas corpus* claims and therefore dismissal for that reason is appropriate.

---

[2] Title 28 U.S.C. §2255(a) provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Section 2255(e) provides, "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, <u>shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him</u>, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis supplied)

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** the instant petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 24, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**